## CIRCUIT COURT OF THE CITY OF LYNCHBURG

Commonwealth of Virginia

 v.

Michael Dendrix Davis

February 26, 1991

## By JUDGE RICHARD S. MILLER

In the captioned case, tried on February 7, 1991, and by agreement of counsel, heard at the same time on the defendant's motion to suppress, I will sustain the motion to suppress.

The pivotal question in the case is whether under the circumstances there was a seizure of Davis's person. A "seizure" under the Fourth Amendment takes place when "circumstances . . . . amount to a show of official authority such that 'a reasonable person would believe that he was not free to leave'." *Florida v. Royer*, 460 U.S. 491, 103 S. Ct. 1319, 75 L. Ed. 2d 229 (1983); *Moss v. Commonwealth*, 7 Va. App. 305 (1988). In the captioned case, I find that Officer Stokes walked away from conducting a lawfully established road check during daylight and approached the defendant who had lawfully parked his vehicle and who was walking towards Stokes. At this point, Officer Stokes had no articulable suspicion which would justify his detaining or making an investigatory stop of Davis. *See, Murphy v. Commonwealth*, 9 Va. App. 139 (1989). Stokes then stopped Davis and said to him, "Could I see your driver's license." Officer Stokes was in police uniform and also had on an "orange traffic vest that says police on it." (Tr. p. 15, lines 17-19). The roadcheck in the middle of the street had "traffic cones" setting on the double yellow line where cars were being stopped. (Tr. p.

18, lines 2-6). After being asked for his operator's license, Davis became very nervous. (Tr. p. 14, lines 25 through p. 15, line 9) (Tr. p. 19, line 15 through p. 20, line 3). There was no discussion at this point as to whether Davis was free to leave or to walk away. (Tr. p. 19, line 15-24).

Based on the totality of all of the above circumstances, I find that there was an official show of authority such that Davis would not have reasonably believed that he was free to leave. *See, Brown v. Texas*, 443 U.S. 47 (1979), where the Court held that, "[i]n the absence of any basis for suspecting [the defendant] of misconduct, the balance between the public interest and [defendant's] personal security and privacy tilts in favor of freedom from police interference." at p. 52.